FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

[date stamp] PM

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RICHARD A. PRIESTER,

    Plaintiff,

v.

WARE COUNTY JAIL; RALPH
PITTMAN; Officer BUCKNER;
Officer ROWE; Officer BROOKER;
Officer BARNHILL; and
Officer CURRY,

    Defendants.

CIVIL ACTION NO.: CV510-072

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 42 U.S.C. § 1983. On October 26, 2010, the undersigned issued an Order advising Plaintiff to advise this Court which related claims he wished to pursue. On November 9, 2010, Plaintiff submitted a revised complaint.

An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff's claims against the Ware County Jail should be dismissed. While local governments qualify as "persons" to whom § 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

Officer Rowe is listed as a defendant in this action. However, Plaintiff set forth no factual allegations against Defendant Rowe in his amended complaint. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to

relief." FED. R. CIV. P. 8(a)(2). Because Plaintiff failed to assert any facts alleging wrongdoing by Defendant Rowe, he should be dismissed as a defendant in this case.

Plaintiff's remaining claims are addressed in an Order of even date.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Ware County Jail and Officer Rowe be **DISMISSED** as defendants in this case.

**SO REPORTED** and **RECOMMENDED**, this 15th day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE