FILED
U.S. DISTRICT COURT
                  DIV.
2011 DEC -8 AM 11: 20
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RICHARD A. PRIESTER,

  Plaintiff,

v.  :  CIVIL ACTION NO.: CV510-072

RALPH PITTMAN; EWING DOUGLAS
BUCKNER, II; JEREMY BROOKER;
MATTHEW BARNHILL; SHEILA P.
CURRY; and DONNA BENNETT, Nurse,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was housed at the Ware County Jail in Waycross, Georgia. On October 25, 2011, Defendants filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants filed a Motion for Summary Judgment and that a response must be filed by November 17, 2011. (Doc. No. 47). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

AO 72A
(Rev. 8/82)

Plaintiff has failed to file a Response to Defendants' Motion for Summary Judgment. For the following reasons, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff was taken to the jail's multipurpose room by Defendants Brooker, Buckner, Barnhill, and Pittman, (Doc. No. 46, Pl.'s Dep., pp. 32–33), to address sexual comments allegedly made by Plaintiff to Defendant Curry. (Doc. No. 1, p. 5). Plaintiff alleges that, at that time, the Defendants present in the multipurpose room threatened him. (Doc. No. 1, p. 6). However, Plaintiff admits that no one struck him while he was in the multipurpose room. (Doc. No. 46, Pl.'s Dep., p. 33). Upon leaving the multipurpose room, Plaintiff was taken to medical to have pictures taken and be examined by Defendant Bennett; Plaintiff admits that there was nothing wrong with him at that time. (Doc. No. 46, Pl.'s Dep., p. 34). Plaintiff also states that Dr. Wroble was present when the pictures were taken. (Doc. No. 46, Pl.'s Dep., p. 36). Following the trip to medical, Plaintiff was taken back to his cell. (Doc. No. 46, Pl.'s Dep. pp. 34–35).

It is unclear from Plaintiff's Complaint and deposition testimony what happened next, but medical records show that at some point later that day Plaintiff was taken back to medical presenting with a chief complaint of threatening to hurt himself. (Doc. No. 46, Pl.'s Dep., Def.'s Ex. 9).[1] As a result of that visit to medical, Dr. Wroble gave a medical order to put Plaintiff on suicide prevention in the rubber room; Dr. Wroble also ordered a nurse to give Plaintiff a shot of Haldol and a shot of Ativan. (Id.). Plaintiff alleges that Defendant Bennett forced him to receive the shots, which he did not want. (Doc. No. 1, p. 7). Plaintiff admits that he resisted the shots by screaming and cursing

---

[1] Plaintiff states that he said that he felt like his life was in danger at the jail and that the prison officials must have misunderstood him. (Doc. No. 46, Pl.'s Dep., p. 58).

2

at Defendant Bennett. (Doc. No. 46, Pl.'s Dep., pp. 40–41). During the altercation, Defendants Barnhill and Buckner each took one of Plaintiff's arms and moved him to a lying position on the floor; once Plaintiff was on the floor Defendant Brooker placed his knees on Plaintiff's back. (Doc. No. 46, Pl.'s Dep. pp. 46–48). At that time Defendant Bennett gave him the two shots. (Doc. No. 46, Pl.'s Dep., pp. 48–49). Once Plaintiff had received the shots, he was brought back to his feet and walked to the rubber room where he was left. (Doc. No. 46, Pl.'s Dep., pp. 49, 52, 54). Plaintiff states that Defendant Pittman was also present during the altercation. (Doc. No. 46, Pl.'s Dep., p. 51). Plaintiff alleges that, as a result of the altercation, he sustained scraped knees and elbows and had a bit of back pain. (Doc. No. 46, Pl.'s Dep., pp. 55–56). Plaintiff also alleges that he has not received medical attention. (Doc. No. 1, p. 8).

Defendants contend that they did not use excessive force when restraining Plaintiff. Defendants also contend that none of them were deliberately indifferent to any serious medical need of Plaintiff. Finally, Defendants contend that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Group, Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S.

242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

### A. Plaintiff's excessive force claim

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate

AO 72A
(Rev. 8/82)

must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

Defendants contend that Plaintiff cannot prove the subjective component of his excessive force claim; they contend that there is no genuine dispute as to any material fact regarding whether they acted with a malicious and sadistic purpose to inflict harm. Additionally, Defendants assert that Plaintiff's injuries of skinned knees and elbows and a little bit of back pain are "quintessential de minimis injuries." (Doc. No. 42, Attachment 2, p. 15) (citations omitted).

In support of their Motion, Defendants submitted the deposition of Plaintiff and the affidavit of Defendant Pittman, which they used to derive a Statement of Undisputed Material Facts. It is undisputed that the contact between Plaintiff and Defendants was a

result of Defendants' attempt to restrain Plaintiff during Plaintiff's altercation with Defendant Bennett. (Doc. No. 42, Attachment 1, p. 2). It is also undisputed that as soon as Plaintiff was administered the shots ordered by Dr. Wroble, Defendants helped Plaintiff to his feet. (Id.). It is further undisputed that Defendants never hit, punched, kicked, or struck Plaintiff at any point during the incident. (Id.). Finally, it is undisputed that Plaintiff suffered only skinned knees and elbows and a little bit of back pain as a result of the incident. (Doc. No. 43, Attachment 1, p. 3). The uncontested material facts support Defendants' assertions that they did not use an excessive amount of force against Plaintiff and that Plaintiff suffered no more than de minimis injuries as a result of the force Defendants did use. Plaintiff has offered no evidence which shows a genuine dispute of any material fact on this Eighth Amendment issue.

### B. Plaintiff's deliberate indifference claim

The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). Deliberate indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." Id. (internal punctuation and citation omitted). Importantly, with regard to a prison official's state of mind, a subjective standard is used, requiring the prison official to know of and disregard an excessive risk to inmate health or safety. Id. at 837. "[N]ot every claim by a prisoner that he has not received adequate medical treatment states a

AO 72A
(Rev. 8/82)

violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal punctuation and citation omitted).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citation omitted). With regard to the second prong, the Court of Appeals for the Eleventh Circuit applies the Farmer standard "requiring that a defendant know of and disregard an excessive risk to an inmate's health or safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995) (citations omitted). To show a violation of the Farmer standard, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327 (alteration in original) (citation omitted).

Defendants contend that Plaintiff cannot prove that he had a serious medical need. Defendants also assert that no defendant disregarded a known risk of serious harm to Plaintiff. It is undisputed that Plaintiff suffered only skinned knees and elbows and a little bit of back pain as a result of the incident. (Doc. No. 43, Attachment 1, p. 3). As to the unwanted shots that Plaintiff received, "[a] nurse is not deliberately indifferent when she reasonably follows a doctor's orders by administering prescribed medication

to an inmate." Bauer v. Kramer, 424 F. App'x 917, 919 (11th Cir. 2011). It is also undisputed that Plaintiff submitted his requests for medical treatment in connection with the incident to the nurses who appeared in the lock down detention block, not to Defendants. (Doc. No. 43, Attachment 1, p. 3). The uncontested material facts support Defendants' assertions that they were not deliberately indifferent to any serious medical need of Plaintiff. Plaintiff has offered no evidence which shows a genuine dispute of any material fact on this Eighth Amendment issue.

It is unnecessary to address the remaining portion of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

8